IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON C. ROBINSON, | : | |
|     Petitioner, | : | 1:19-cv-0661 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CATRICIA HOWARD, | : | |
|     Respondent. | : | |

# MEMORANDUM

## May 8, 2019

On April 17, 2019, Petitioner Damon C. Robinson, a prisoner incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a probation detainer lodged by the State of Indiana "in accordance with the Interstate Agreement Act." (Docs. 1; 1-2, p. 1). The Court has undertaken preliminary consideration of the petition and, for the reasons discussed below, the Court will dismiss the petition. *See* 28 U.S.C. § 2243; *see also* R. GOVERNING § 2254 CASES R.4, R.1(b).[1]

---

[1] Rule 4 of the Rules Governing § 2254 Cases provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) states that the rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.

## I. BACKGROUND

Petitioner is in federal custody serving a sixty months' sentence of incarceration imposed on June 13, 2016, by the United States District Court for the Western District of Kentucky for "violation[s] of 18 USC §922(g) and §924(A)(2) felon in Possession of a firearm." (Doc. 1-2, p. 1). He indicates that on August 9, 2016, "[t]he State of Indiana, Clark County, Prosecuting Attorney" lodged a detainer against him for violation of probation. (*Id.*). He asserts that "the Clark County Attorney erroneously issued a letter that placed a detainer in accordance with the Interstate Agreement Act, Article 3(a) in which they list that I have a [sic] 'untried' case(s) pending in Clark County." (*Id.* at 2). He states that the detainer is for a probation violation, not an untried offense. (*Id.* at 3). Because he has been unable to successfully access the state court system, he turns to the federal court for relief. (*Id.* at 2).

## II. DISCUSSION

Petitioner fails to set forth a cognizable federal habeas claim. Article III of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.A. App. 2, §§ 1–9, does not apply to a detainer based on a charge of probation. *See Carchman v. Nash*, 473 U.S. 716, 726 (1985); *accord U.S. v. Jankowski*, 771 F.2d 70, 71 (1985). And a petition for writ of habeas corpus may not be used in place of Article III of the IADA to obtain earlier resolution of probation violation charges in another

state.  *See Carchman*, 473 U.S. at 731, n. 10 (finding that a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence).  Furthermore, inasmuch as he asserts violations of his due process rights, he cannot challenge the validity of a probation revocation proceeding that has not yet occurred.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973) ("nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

## III. CONCLUSION

For the above stated reasons, the Court will enter an Order dismissing the petition for writ of habeas corpus.